United States District Court
Southern District of Texas
**ENTERED**
March 09, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| FRANKIE HENDERSON, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 3:17-CV-096 |
| | § | |
| A & D INTERESTS, INC.; dba | § | |
| HEARTBREAKERS GENTLEMEN'S | § | |
| CLUB, *et al*, | § | |
| | § | |
| Defendants. | § | |

### **Memorandum Opinion and Order**

Pending before the Court is the Motion to Dismiss Pursuant to 9 U.S.C. § 4 filed by Defendant A&D Interests, Inc. d/b/a Heartbreakers ("Heartbreakers"). Dkt. 20. Defendant Mike Armstrong ("Armstrong") has joined the motion to dismiss. Dkt. 32. After considering the law, the evidence, and the record of this case as a whole, the Court **GRANTS** Heartbreakers' motion to dismiss.

### **Background**

Heartbreakers operate an adult entertainment club in Dickinson, Texas. Plaintiffs Frankie Henderson ("Henderson") and Kaitlyn Jersey ("Jersey") worked as exotic dancers at Heartbreakers. They signed and executed the Independent Contractor/License Agreement Between A&D Interests, Inc. d/b/a Heartbreakers and Independent Contractor ("License Agreement"). The License Agreement contains an arbitration provision. Within this provision is a delegation clause that requires the licensor and licensee to proceed to

arbitration for "any controversy or claim arising out of or relating to" the License Agreement and for any disputes regarding the validity of the arbitration provision itself.[1]

Heartbreakers argue the Court should dismiss the case in favor of the arbitration procedures set forth in the License Agreement. Henderson and Jersey contend the License Agreement is illusory and unconscionable and thus unenforceable. For the reasons stated below, the Court finds that Heartbreakers' motion to dismiss should be granted.

## Standard of Review

When the party seeking arbitration points to a purported delegation clause, the Court performs a two-step analysis in determining whether to submit the question of arbitrability to arbitration. First, the Court decides "whether the parties entered into *any arbitration agreement at all*." *Kubala v. Supreme Prod. Servs., Inc.*, 830 F.3d 199, 201 (5th Cir. 2016). This inquiry is a question of contract formation that looks at whether the parties formed a valid agreement to arbitrate some set of claims. *Id.* at 201-02. Validity of an arbitration agreement turns on state contract law. *Id.* at 202 (citing *Carey v. 24 Hour Fitness, USA, Inc.*, 669 F.3d 202, 205 (5th Cir. 2012)). The Court considers whether the arbitration agreement may be invalidated by contract defenses such illusory promise or unconscionability. *See Poole-Ward v. Affiliates for Women's Health, P.A.*, No. H-17-885,

---

[1] Henderson and Jersey do not contest that the arbitration provision contains a delegation clause. Even if they did, an "express delegation clause" is not necessary in order to delegate the issue of arbitrability to an arbitrator. *Archer & White Sales, Inc. v. Henry Schein, Inc.*, 878 F.3d 488, 493 (5th Cir. 2017). The License Agreement's express incorporation of the rules of the American Arbitration Association serves as "clear and unmistakable evidence that the parties agreed to arbitrate arbitrability." *Id.* (quoting *Petrofac, Inc. v. DynMcDermott Petroleum Operations Co.*, 687 F.3d 671, 675 (5th Cir. 2012)).

2017 WL 3923547, at *3 (S.D. Tex. Sept. 7, 2017). Second, the Court determines whether the arbitration agreement contains a valid delegation clause—"that is, if it evinces an intent to have the arbitrator decide whether a given claim must be arbitrated." *Kubala*, 830 F.3d at 202.

This second step applies a two-step inquiry adopted in *Douglas v. Regions Bank*, 757 F.3d 460, 464 (5th Cir. 2014). The Court looks at whether (1) the parties "clearly and unmistakably" intended to delegate the question of arbitrability to an arbitrator and (2) the assertion of arbitrability is not "wholly groundless." *Id.* at 462, 463. The second step of the *Douglas* inquiry asks "whether there is a plausible argument for the arbitrability of the dispute." *Archer*, 878 F.3d at 492 (5th Cir. 2017).

**Analysis**

Henderson and Jersey argue the License Agreement is unenforceable because it is illusory. The Court disagrees. The Fifth Circuit has held that an arbitration agreement is illusory "[w]here one party has the unrestrained unilateral authority to terminate its obligation to arbitrate." *Nelson v. Watch House Int'l, L.L.C.*, 815 F.3d 190, 193 (5th Cir. 2016) (quoting *Lizalde v. Vista Quality Markets*, 746 F.3d 222, 225 (5th Cir. 2014)). Here, the License Agreement does not give such unilateral authority to either party. Section 8 of the License Agreement gives both the Licensor and Licensee the power to "terminate the agreement at any time with or without notice." As both parties were provided termination rights, the Court finds that the License Agreement is not illusory.

In addition, Henderson and Jersey contend the License Agreement is unconscionable. Under Texas law, unconscionability includes two aspects: "(1)

procedural unconscionability, which refers to the circumstances surrounding the adoption of the arbitration provision, and (2) substantive unconscionability, which refers to the fairness of the arbitration provision itself." *In re Halliburton Co.*, 80 S.W.3d 566, 571 (Tex. 2002). Henderson and Jersey's arguments are twofold. First, they argue the fee-splitting provision makes the License Agreement unconscionable. Since they "complain of the prohibitive cost of arbitration, their claim is grounded in substantive unconscionability." *In re Olshan Found. Repair Co., LLC*, 328 S.W.3d 883, 892 (Tex. 2010). When a party seeks to invalidate an arbitration agreement, as here, "on the ground that arbitration would be prohibitively expensive, that party bears the burden of showing the likelihood of incurring such costs." *Green Tree Fin. Corp.-Ala. V. Randolph*, 531 U.S. 79, 92, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000). The Court engages in a "case-by-case analysis that focuses, among other things, upon the claimant's ability to pay the arbitration fees and costs, the expected cost differential between arbitration and litigation in court, and whether that cost differential is so substantial as to deter the bringing of claims." *Olshan*, 328 S.W.3d at 893 (citation and quotation omitted).

As evidence of the likely prohibitive cost of arbitration, Henderson and Jersey present the declaration of Peter Costea, an attorney. Explaining the basis of his cost estimates, Costea states in just two sentences that he has handled similar cases and that he reviewed Henderson and Jersey's pleadings and discussed them with the their lawyer. Costea then estimates that this case would take an arbitrator anywhere between 50 and 70 hours to resolve. What is lacking from Costea's declaration, however, is any comparison of this case to a comparable claim that took approximately the same time to resolve.

Indeed, besides his own experience and judgment, Costea offers no logical basis for arriving at his time estimates of arbitration. Thus, the Court finds that Henderson and Jersey's evidence "merely speculates about the risk of [the] possible cost" of arbitration and thus is "insufficient." *Id.* at 895. Even if Costea's declaration constituted sufficient evidence, Henderson and Jersey have failed to present evidence of their ability to pay at the time the parties entered into the License Agreement. Unconscionability is examined based on "the circumstances [that] exist[ed] when the parties made the contract." *Id.* at 892 (quoting *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 757 (Tex. 2001)). Jersey offers no evidence of her ability to pay for arbitration, whether past or present. Henderson states in her declaration that her present financial circumstances would not allow her to pay for arbitration. Henderson signed the License Agreement in August 2014. Her undated declaration, presumably from 2017, describes a financial condition she may or may not have had at the time she entered into the License Agreement. Therefore, Henderson and Jersey have not offered adequate evidence for the Court to find that the License Agreement is unconscionable.

Next, Henderson and Jersey assert the License Agreement is unconscionable because it waives substantive statutory remedies. The final provision of the License Agreement states, "Licensee agrees that she is an independent contractor and not an employee and waives any claims for minimum wage or for overtime compensation." Henderson and Jersey argue this constitutes an unenforceable waiver of substantive rights under the Fair Labor Standards Act. The Court disagrees. The quoted language merely

codifies an independent contractor relationship and thus does not constitute a waiver of substantive statutory rights.

Henderson and Jersey also find problematic the part of the arbitration clause that states, "The only parties to the arbitration shall be the Licensor and Licensee." They argue that since they are precluded from pursuing any claims in arbitration against Armstrong, the owner of Heartbreakers, the License Agreement is unconscionable as it prevents them from pursuing statutory remedies under the Fair Labor Standards Act. The Court takes judicial notice of the fact that when Henderson filed her original complaint, Armstrong was not named as a defendant. It was only *after* Heartbreakers filed the current motion to dismiss that Henderson and Jersey amended their complaint to add Armstrong as a defendant. Henderson and Jersey now argue that the Court cannot dismiss the case in favor of arbitration because doing so would prevent them from pursuing claims against Armstrong, the newly-added defendant The Court finds this reasoning unpersuasive. Henderson and Jersey "may not evade arbitration through artful pleading, such as by naming individual agents of the party to the arbitration clause and suing them in their individual capacity." *In re Merrill Lynch Trust Co. FSB*, 235 S.W.3d 185, 188 (Tex. 2007) (citation and quotation omitted). The Court thus finds that the License Agreement is not unconscionable.

Having found that the parties entered into a valid arbitration agreement, the Court now turns to whether the License Agreement contains a valid delegation clause. Under the *Douglas* two-step inquiry, Henderson and Jersey have not made any argument that the delegation clause does not evince an intent to have the arbitrator decide the question of

arbitrability. The incorporation of the American Arbitration Association rules in the License Agreement serves as clear evidence that the parties intended to arbitrate arbitrability. *Archer*, 878 F.3d at 493. Also, Henderson and Jersey do not argue that the assertion of arbitrability is wholly groundless. The Court thus finds that the License Agreement contains a valid and enforceable delegation clause.

## Conclusion

For the foregoing reasons, the Court **GRANTS** Heartbreakers' motion to dismiss as the License Agreement is enforceable. Accordingly, the case is **DISMISSED WITHOUT PREJUDICE**.

SIGNED at Galveston, Texas, this 9th day of March, 2018.

                                                        */s/ George C. Hanks Jr.*
                                                        George C. Hanks Jr.
                                                        United States District Judge